**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

TERRANCE GUIDRY,

  Plaintiff,

v.

CASE NO.:

PROCOLLECT, INC.,

  Defendant.

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW, Plaintiff, TERRANCE GUIDRY, by and through the undersigned counsel, and sues Defendant, PROCOLLECT, INC., and in support thereof respectfully alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"), and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* ("FDCPA") and the Texas Fair Debt Collection Practices Act.

**INTRODUCTION**

1. The TCPA was enacted to prevent companies like PROCOLLECT, INC. from invading American citizen's privacy and to prevent abusive "robo-calls."

2. "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

3. "Senator Hollings, the TCPA's sponsor, described these calls as 'the scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall." 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone

subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242, 1256 (11th Cir. 2014).

4. According to the Federal Communications Commission (FCC), "Unwanted calls are far and away the biggest consumer complaint to the FCC with over 200,000 complaints each year – around 60 percent of all the complaints…Some private analyses estimate that U.S. consumers received approximately 2.4 billion robocalls per month in 2016." https://www.fcc.gov/about-fcc/fcc-initiatives/fccs-push-combat-robocalls-spoofing

## JURISDICTION AND VENUE

5. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA.

6. This Court has supplemental jurisdiction over Plaintiff's state law claim, as the state laws claim arises out of a common nucleus of operative fact, and forms part of the same case or controversy. 28 U.S.C. § 1367.

7. Personal jurisdiction exists over Defendant as it has the necessary minimum contacts with the State of Texas, this suit arises out of Defendant's specific conduct with Plaintiff. Defendant is a corporation with its principal place of business located at 12170 North Abrams Road, Suite 100, Dallas, Texas 75243.

8. Venue is appropriate in the United States District Court for the Northern District of Texas, Dallas Division, pursuant to 28 U.S.C. § 1391(b)(2), as the events giving rise to Plaintiff's claims occurred in Dallas County, Texas.

## FACTUAL ALLEGATIONS

9. Plaintiff is a natural person, and citizen of the State of Louisiana, residing in Lafayette Parish, Louisiana.

10. Plaintiff is the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

11. Plaintiff is the subscriber, regular user and carrier of the cellular telephone number (337) ***-4748, and was the called party and recipient of Defendant's calls.

12. Defendant placed an exorbitant amount of automated calls to Plaintiff's cellular telephone (337) ***-4748 in an attempt to reach an individual known only as Osmend Sanchez (sp).

13. Plaintiff does not currently know, nor has ever known, an individual by the name of Osmend Sanchez (sp).

14. Plaintiff does not currently have any account or business dealings with Defendant.

15. Upon receipt of the telephone calls from Defendant, Plaintiff's caller ID identified the call were being initiated from, but not limited to, the following telephone number: (214) 382-4871.

16. Upon information and belief, some or all of the calls made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "autodialer calls"). Plaintiff will testify that he knew it was an autodialer because of the vast number of calls he received, he heard a pause when he answered his phone before a voice came on the line and he received prerecorded messages from Defendant.

17. Defendant called Plaintiff on Plaintiff's cellular telephone approximately sixty (60) times in an attempt to collect an alleged debt. Due to the amount of telephone calls the

Plaintiff received from Defendant, Plaintiff was unable to properly catalogue each call. Thus a more accurate number of calls will be determined after a thorough review of Defendant's records and Plaintiff's cellular telephone records.

18. Plaintiff believes the calls were made using equipment which has the capacity to store numbers to be called and to dial such numbers automatically.

19. On several occasions over the last four (4) years, Plaintiff instructed Defendant's agent(s) to stop calling his cellular telephone.

20. In or about December of 2017, Plaintiff communicated with Defendant from his aforementioned cellular telephone number and advised Defendant that they were calling for the wrong party. Plaintiff demanded that Defendant's agent cease calling his cellular telephone number.

21. Each subsequent call Defendant made to Plaintiff's aforementioned cellular telephone number was knowing and willful and done so without the "express consent" of Plaintiff.

22. Despite clearly and unequivocally revoking any consent Defendant may have believed they had to call Plaintiff on his cellular telephone, Defendant continues to place calls to Plaintiff.

23. Again, on or about October 15, 2018, due to continued automated calls to his aforementioned cellular telephone number from the Defendant, Plaintiff called Defendant and was connected to a live agent of Defendant, and informed the agent/representative of Defendant that he had previously informed them that he was not Osmend Sanchez (sp), nor has he ever had an association with that person. He stated that he had asked a previous representative to cease

placing calls to his cellular telephone, and again revoked his consent to be contacted by Defendant.

24. Plaintiff's numerous requests for a cessation of the calls were in vain as Defendant continues to call Plaintiff's cellular telephone number.

25. Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as they did to Plaintiff's cellular telephone in this case.

26. Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as they did to the Plaintiff's cellular telephone in this case, with no way for the consumer, or Defendant, to remove the number.

27. Defendant's corporate policy is structured so as to continue to call individuals like Plaintiff, despite these individuals explaining to Defendant they do not wish to be called.

28. Defendant has numerous other federal lawsuits pending against them alleging similar violations as stated in this Complaint.

29. Defendant has numerous complaints against it across the country asserting that its automatic telephone dialing system continues to call despite being requested to stop.

30. Defendant has had numerous complaints against it from consumers across the country asking to not be called, however Defendant continues to call these individuals.

31. Defendant's corporate policy provided no means for Plaintiff to have Plaintiff's number removed from Defendant call list.

32. Defendant has a corporate policy to harass and abuse individuals despite actual knowledge the called parties do not wish to be called.

33. Not one of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

34. Defendant willfully and/or knowingly violated the TCPA with respect to Plaintiff.

35. From each and every call placed without express consent by Defendant to Plaintiff's cell phone, Plaintiff suffered the injury of invasion of privacy and the intrusion upon his right of seclusion.

36. From each and every call without express consent placed by Defendant to Plaintiff's cell phone, Plaintiff suffered the injury of the occupation of his cellular telephone line and cellular phone by unwelcome calls, making the phone unavailable for legitimate callers or outgoing calls while the phone was ringing from Defendant call.

37. From each and every call placed without express consent by Defendant to Plaintiff's cell phone, Plaintiff suffered the injury of unnecessary expenditure of his time. For calls he answered, the time he spent on the call was unnecessary as he repeatedly asked for the calls to stop. Even for unanswered calls, Plaintiff had to waste time to unlock the telephone and deal with missed call notifications and call logs that reflect the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular telephone, which are designed to inform the user of important missed communications.

38. Each and every call placed without express consent by Defendant to Plaintiff's cellular telephone was an injury in the form of a nuisance and annoyance to the Plaintiff. For calls that were answered, Plaintiff had to go to the unnecessary trouble of answering them. Even for unanswered calls, Plaintiff had to waste time to unlock the telephone and deal with missed call notifications and call logs that reflected the unwanted calls. This also impaired the

usefulness of these features of Plaintiff's cellular telephone, which are designed to inform the user of important missed communications.

39. Each and every call placed without express consent by Defendant to Plaintiff's cell phone resulted in the injury of unnecessary expenditure of Plaintiff's cellular telephone's battery power.

40. Each and every call placed without express consent by Defendant to Plaintiff's cellular telephone where a voice message was left which occupied space in Plaintiff's telephone or network.

41. Each and every call placed without express consent by Defendant to Plaintiff's cellular telephone resulted in the injury of a trespass to Plaintiff's chattel, namely his cellular telephone and his cellular telephone services.

42. As a result of the calls described above, Plaintiff suffered an invasion of privacy. Plaintiff was also affected in a personal and individualized way by frustration, stress, and sleeplessness.

## COUNT I
### (Violation of the TCPA)

43. Plaintiff fully incorporates and realleges paragraphs one (1) through forty two (42) as if fully set forth herein.

44. Defendant willfully violated the TCPA with respect to Plaintiff, specifically for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant that Plaintiff wished for the calls to stop

45. Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without

Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against PROCOLLECT, INC. for statutory damages, punitive damages, actual damages, treble damages, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT II
### (Violation of the FDCPA)

1. Plaintiff fully incorporates and realleges paragraphs one (1) through forty two (42) as if fully set forth herein.

2. At all times relevant to this action Defendant is subject to and must abide by 15 U.S.C. § 1692 *et seq*.

3. Defendant has violated 15 U.S.C. § 1692(d) by willfully engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

4. Defendant has violated 15 U.S.C. § 1692(d)(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

5. Defendant has violated 15 U.S.C. § 1692(f) by using unfair and unconscionable means to collect or attempt to collect any debt.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against PROCOLLECT, INC for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT III
**(Violation of the Texas Fair Debt Collection Practices Act)**

46. Plaintiff fully incorporates and realleges paragraphs one (1) through forty two (42) as is fully set forth herein.

47. The facts stated above demonstrate that Defendant violated the Texas Fair Debt Collection Practices Act.

48. Plaintiff is a "consumer" as that term is defined by the Texas Fair Debt Collection Practices Act § 392.001 A(1) of the Texas Finance Code.

49. Plaintiff's relationship with Defendant arose out of a "consumer debt" as that term is defined in the Texas Fair Debt Collection Practices Act § 392.001 A(2) of the Texas Finance Code.

50. Defendant was and is a "debt collector" as that term is defined in the Texas Fair Debt Collection Practices Act § 392.001 A(6) of the Texas Finance Code.

51. Defendant violated Texas Finance Code § 392.302(4) by continually making calls in the collection of a debt with the only intent being to annoy and harass Plaintiff into paying, even after Plaintiff had requested that calls to his cellular telephone cease.

52. Violations of the Texas Finance Code are also deemed to be violations of the Texas Deceptive Trade Practices Act, Subchapter E, Chapter 17, Business & Commerce Code, and are actionable under that subchapter. As a result thereof, Defendant is liable for actual damages, treble damages, the payment of legal fees and expenses, and exemplary damages.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against PROCOLLECT, INC. for statutory damages, punitive damages, actual

damages, treble damages, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

| */s/ William W. Holtz* | */s/ Joshua R. Kersey* |
|---|---|
| William W. Holtz | Joshua R. Kersey, Esquire |
| Texas Bar No.: 24092533 | Texas Bar No.: 24090206 |
| Holtz Law Firm | Morgan & Morgan, Tampa, P.A. |
| 4054 McKinney Avenue, Suite 310 | One Tampa City Center |
| Dallas, Texas 75204 | 201 North Franklin Street, Suite 700 |
| Telephone: (832) 746-4041 | Tampa, Florida 33602 |
| Facsimile: (713) 467-1399 | Telephone: (813) 223-5505 |
| Primary Email: WHoltz@HoltzLegal.com | Facsimile: (813) 222-2490 |
| *Local Counsel for Plaintiff* | Primary Email: JKersey@forthepeople.com |
| | Secondary Email: RKnowles@ForThePeople.com |
| | *Attorney for Plaintiff* |